1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    Marco Antonio Jimenez,                    No. CV-14-2534-PHX-DKD
10                     Plaintiff,
11   v.                                        **REPORT AND RECOMMENDATION**
12   City of Phoenix,
13                     Defendant.
14
15   TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:
16          On November 21, 2014, the Court entered an Order which directed the Plaintiff to
17   file an amended complaint and further advising that he address the specific deficiencies
18   which the Court had identified in that Order.  Since November 21, 2014, Plaintiff has
19   filed two documents neither of which complies with that Order.  First, Plaintiff filed on
20   December 2, 2014, a document with the title "Order by Plaintiff of Duty to Discovery
21   Rule 26."  This document appears to contain prayers for relief and a request for a copy of
22   a transcript for a November 22, 1999 court proceeding.  The second document has the
23   title "RULES TO SHOW GOOD CAUSE."  It appears to be 29 and a quarter pages of a
24   reprinting of portions of the United States Code and a reference, on its last page, to a
25   statement in court on November 22, 1999, in a case described as "CV-1945-PHX-EHC."
26   Neither filing complies with the Court's Order of November 21, 2014, which required the
27   filing of an amended complaint and informed Plaintiff that he would need to demonstrate
28

1    why a claim for employment discrimination that occurred more than 14 years ago is not

2    barred by the statute of limitations.

3         In the Court's November 21, 2014 Order, the Court warned Plaintiff that his

4    failure to file an amended complaint to show cause why his complaint should not be

5    dismissed would likely result in the dismissal of his new complaint.  Plaintiff's filings

6    have not demonstrated such good cause and thus this Court is required under the laws of

7    the United States to recommend to the Presiding District Judge of the Phoenix Division

8    that Plaintiff's Complaint be dismissed. [1]

9         **IT IS RECOMMENDED** that this matter be dismissed for failure to comply with

10   the Court's November 21, 2014 Order and because all of Plaintiff's filings in this case

11   show that Plaintiff fails to state a claim on which relief may be granted.  28 U.S.C. §

12   1915(e)(2)(B)(ii).

13        This recommendation is not an order that is immediately appealable to the Ninth

14   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

15   of Appellate Procedure, should not be filed until entry of the district court's judgment.

16   The parties shall have fourteen days from the date of service of a copy of this

17   recommendation within which to file specific written objections with the Court.  *See*, 28

18   U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter,

19   the parties have fourteen days within which to file a response to the objections.  Failure

20   timely to file objections to the Magistrate Judge's Report and Recommendation may

21   result in the acceptance of the Report and Recommendation by the district court without

22   further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

23   Failure timely to file objections to any factual determinations of the Magistrate Judge will

24   be considered a waiver of a party's right to appellate review of the findings of fact in an

25

26

---

27   [1] This Report and Recommendation is submitted to the Presiding Phoenix Division
     District Judge in light of the absence of consent to Magistrate Judge jurisdiction.

28

- 2 -

1   order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule

2   72, Federal Rules of Civil Procedure.

3          Dated this 12th day of December, 2014.

 

                            David K. Duncan
                      United States Magistrate Judge