**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marco Antonio Jimenez,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>Defendants. | No. CV-14-02534-PHX-DKD<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation of Magistrate Judge David K. Duncan, recommending that the Court dismiss this case on grounds that Plaintiff has failed to comply with his November 21, 2014 Order and that the record shows that Plaintiff cannot state a legal claim. (Doc. 9) Plaintiff filed an objection to the Report and Recommendation called "Amended Complaint & Objections." (Doc. 11) The Report and Recommendation fully summarizes the facts and procedure of this case:

> On November 21, 2014, the Court entered an Order which directed the Plaintiff to file an amended complaint and further advising that he address the specific deficiencies which the Court had identified in that Order.[1] Since November 21, 2014, Plaintiff has filed two documents

---

[1] The allegations in the Complaint were all related to a dismissed 1998 case in which Plaintiff alleged violations of the Americans with Disabilities Act. (Doc. 6) The Ninth Circuit affirmed dismissal of that case. (*Id.*) Magistrate Judge Duncan noted that because "all matters related to Plaintiff's claims of employment discrimination arising from Plaintiff's employment with the City which have been determined already, [Plaintiff] may not seek to reopen that case absent extraordinary relief the grounds of which have not been asserted." (*Id.*) Magistrate Judge Duncan also noted that any amended Complaint "would likely need to explain why Plaintiff's claim for employment discrimination occurring more than 14 years ago is not barred by the statutes of limitations." (*Id.*)

> neither of which complies with that Order. First, Plaintiff filed on December 2, 2014, a document with the title "Order by Plaintiff of Duty to Discovery Rule 26." This document appears to contain prayers for relief and a request for a copy of a transcript for a November 22, 1999 court proceeding. The second document has the title "RULES TO SHOW GOOD CAUSE." It appears to be 29 and a quarter pages of a reprinting of portions of the United States Code and a reference, on its last page, to a statement in court on November 22, 1999, in a case described as "CV-1945-PHX-EHC." Neither filing complies with the Court's Order of November 21, 2014, which required the filing of an amended complaint and informed Plaintiff that he would need to demonstrate why a claim for employment discrimination that occurred more than 14 years ago is not barred by the statute of limitations.
>
> In the Court's November 21, 2014 Order, the Court warned Plaintiff that his failure to file an amended complaint to show cause why his complaint should not be dismissed would likely result in the dismissal of his new complaint. Plaintiff's filings have not demonstrated such good cause and thus this Court is required under the laws of the United States to recommend to the Presiding District Judge of the Phoenix Division that Plaintiff's Complaint be dismissed.

(Doc. 9)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the record in this case and has fully considered Plaintiff's "Amended Complaint & Objections." This filing consists substantially of a recitation of Arizona criminal statutes that in no way can state a legal claim. His objections consist generally of incoherent ramblings that inappropriately call into question the impartiality of judges in this district and the federal judiciary. Plaintiff makes no attempt to address the deficiencies Magistrate Judge Duncan identified in the Complaint and he also has not explained why he did not comply with Magistrate Judge Duncan's instruction for him to file an amended Complaint. *See Nelson v. Target Corp.*, No. CV-13-2519-PHX-LOA, 2014 WL 1384604, at *2 (D. Ariz. Apr. 9, 2014) ("While complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, pro se litigants must comply with all procedural and local rules." (alteration incorporated) (citation omitted)).

///

Because Plaintiff has not identified any legal error in Magistrate Judge Duncan's analysis, the Court adopts the Report and Recommendation and dismisses this case.[2]

**IT IS ORDERED** overruling the objections to the Report and Recommendation (Doc. 11).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation (Doc. 9).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Discovery (Doc. 7).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Collect (Doc. 10).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment dismissing the case.

Dated this 20th day of January, 2015.

_____
Susan R. Bolton
United States District Judge

---

[2] After the Report and Recommendation was issued, Plaintiff filed a "Motion to Collect." (Doc. 10) This Motion appears to concern certain money Plaintiff claims he is owed on some unspecified judgment he apparently received in his favor.